IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 17, 2007**

Charles R. Fulbruge III
Clerk

No. 06-41466
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAURICIO MURILLO-GOCHES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:06-CR-408-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Mauricio Murillo-Goches pleaded guilty of violating 8 U.S.C. § 1326 by re-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entering the United States after having been deported. His first contention, which challenges our precedent holding that properly calculated guideline sentences are presumed to be reasonable, fails in light of Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

Murillo-Goches's second argument is that his sentence is unreasonable because he requested a sentence below the guideline range, but the district court imposed sentence without considering all of his reasons for a lower sentence and without giving sufficient weight to his arguments regarding the 18 U.S.C. § 3553 factors. More specifically, the errors Murillo-Goches asserts are that the court gave (1) too little weight to his argument that he reentered the United States because he feared for his life in his native El Salvador; (2) too little weight to his concerns that his small size would make him vulnerable in prison; and (3) too much weight to his criminal history. He does not contend that the guideline range was improperly calculated.

A sentence within a properly calculated guideline range is entitled to great deference. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). In reviewing such a sentence, we merely ask whether the district court abused its discretion in imposing it. Rita, 127 S. Ct. at 2465.

We reject Murillo-Goches's contentions. Our review of the record does not reveal that the district court failed to address, or improperly balanced, the sentencing factors in § 3553(a). Murillo-Goches presented no evidence that his small physical stature and his illegal reentry into the United States to escape gang violence in El Salvador constitute circumstances "special enough that, in light of § 3553(a), they require a sentence lower than the sentence the Guidelines provide." Rita, 127 S. Ct. at 2470.

The district court did not abuse its discretion in its weighing of Murillo-Goches's criminal history, including his North Carolina felonies and misdemeanors and his two prior illegal entries into the United States. Murillo-Goches has not shown that his sentence is unreasonable.

Murillo-Goches's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S.224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), this court has repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005); see also Rangel-Reyes v. United States, 126 S. Ct. 2873, 2874 (2006).

We recently held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625-27 (5th Cir. 2007). Galvan-Lozano properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of sentence is AFFIRMED.